# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-44V
Filed: May 12, 2016

```
* * * * * * * * * * * * * *
MICKAYLA WATERMAN,              *     UNPUBLISHED
                                *
        Petitioner,             *     Special Master Hamilton-Fieldman
                                *
    v.                          *
                                *
                                *     Decision on Proffer; Human
SECRETARY OF HEALTH AND         *     Papillomavirus ("HPV") Vaccine;
HUMAN SERVICES,                 *     Urticaria.
                                *
        Respondent.             *
* * * * * * * * * * * * * *
```

<u>Verne E. Paradie</u>, Paradie, Sherman, Walker and Worden, Lewiston, ME, for Petitioner.
<u>Gordon Shemin</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES[1]**

On January 17, 2013, Jessica Dussault filed a petition for compensation on behalf of a minor child, Mickayla Waterman ("Petitioner"),[2] under the National Vaccine Injury Compensation Program ("the Vaccine Program").[3] Ms. Dussault alleged that the administration

---

[1] Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Otherwise, "the entire" decision will be available to the public. <i>Id.</i>

[2] The caption was amended on January 5, 2016 and February 8, 2016, to reflect the fact that Mickayla Waterman had reached the age of majority.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

of human papillomavirus ("HPV") vaccines on December 29, 2011, February 29, 2012, and July 11, 2012 caused Petitioner to suffer from painful, itchy hives and painful joints. On February 5, 2016, the undersigned ruled that Petitioner was entitled to compensation.

On May 12, 2015, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, Respondent represents that Petitioner agrees with the proffered award. The undersigned finds the Proffer reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Proffer, the undersigned awards the Petitioner:

> A lump sum payment of **$166,443.40**, representing Petitioner's pain and suffering ($160,000.00) and past un-reimbursable expenses ($6,443.40), in the form of a check payable to Petitioner. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner would be entitled.

Proffer Section II.

The undersigned approves the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.