# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-44V
Filed: May 31, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | **UNPUBLISHED** |
| MICKAYLA WATERMAN, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs; |
| | * | Reasonable Amount Requested |
| SECRETARY OF HEALTH | * | to which Respondent Does Not |
| AND HUMAN SERVICES, | * | Object. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Verne E. Paradie, Jr.</u>, Paradie, Sherman, Walker and Worden, Lewiston, ME, for Petitioner.
<u>Gordon Shemin</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 17, 2013, Jessica Dussault filed a petition for compensation on behalf of a minor child, Mickayla Waterman ("Petitioner"),[2] under the National Vaccine Injury Compensation Program ("the Vaccine Program").[3]  Ms. Dussault alleged that the administration of human papillomavirus ("HPV") vaccines on December 29, 2011, February 29, 2012, and July 11, 2012 caused Petitioner to suffer from painful, itchy hives and painful joints.  On February 5, 2016, the undersigned ruled that Petitioner was entitled to compensation, and on May 12, 2016,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The caption was amended on January 5, 2016 and February 8, 2016, to reflect the fact that Mickayla Waterman had reached the age of majority.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

the undersigned issued a decision awarding compensation to Petitioner.

On May 31, 2016, Petitioner filed a motion for attorneys' fees and costs in the amount of $33,655.73. Petitioner's counsel represents Respondent has no objection to compensation in the requested amount, and that Petitioner has not personally incurred any costs in pursuit of her vaccine claim.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $33,655.73, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Verne E. Paradie, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).